NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE: ESTECH SYSTEMS IP, LLC,**
*Appellant*

---

2024-1935

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 90/014,804.

---

Decided:  December 23, 2025

---

JOHN WITTENZELLNER, Williams Simons & Landis PLLC, Philadelphia, PA, argued for appellant.  Also represented by MARK JOHN EDWARD MCCARTHY, FRED WILLIAMS, Austin, TX.

MICHAEL S. FORMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee John A. Squires.  Also represented by MICHAEL TYLER.

---

Before DYK, PROST, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

Estech Systems IP, LLC ("Estech") appeals a decision of the Patent Trial and Appeal Board ("Board") in an *ex*

*parte* reexamination affirming an examiner's rejection of claims 29–41 of U.S. Patent No. 7,068,684 ("'684 patent") as unpatentable as obvious. We *affirm*.

BACKGROUND

All of the challenged claims relate to methods for improving quality of service in voice over internet protocol ("IP") telephone systems by giving priority to audio information. '684 patent, title. The methods are intended "to give the multimedia traffic priority during peak traffic loads," thus "providing increased multimedia traffic bandwidth when needed." '684 patent, col. 2 ll. 16–30.

Claim 29, which is representative of most of the issues relevant to this appeal, recites:

In an information handling system comprising a hub, a multimedia server ("multimedia server") coupled to the hub, a telephone coupled to the hub, a workstation coupled to the hub through the telephone, and a data server coupled to the hub, a method comprising the steps of:

transferring data from the workstation to the telephone, wherein the data sent from the workstation is addressed for transmission to the data server;

communicating audio information between the telephone and the multimedia server; and

sufficiently throttling the data sent from the workstation to the telephone to increase a rate of transfer of the audio information during the communicating step, wherein the throttling step further comprises the step of monitoring an amount of

> the audio information being received by the
> telephone from the multimedia server.

'684 patent, claim 29 (emphases added). In each claimed method, the data sent from the workstation to the telephone is "sufficiently throttl[ed] . . . to increase the rate of transfer of the audio information." '684 patent, claims 29–41. Claims 36 through 41 recite different limitations as to the "sufficiently throttling" step but otherwise have the same scope as claim 29.

On July 16, 2021, Cisco Systems, Inc. requested an *ex parte* reexamination of claims 29–41 of the '684 patent. The examiner granted the request for *ex parte* reexamination, determining the request's combination of prior art references Chiu[1] and Bustini[2] raised a substantial new question of patentability that affected these claims. Chiu discloses a system that includes almost all of the claimed features, which may be used in conjunction with "collision avoidance mechanisms well known in the networking arts." J.A. 948 ¶ 43. Chiu, however, does not itself disclose throttling data, which is disclosed by Bustini. The examiner issued a final rejection of claims 29–41 as unpatentable as obvious over Chiu and Bustini on November 21, 2022.

Estech appealed the examiner's decision to the Board. On May 29, 2024, the Board affirmed the examiner's rejection of each challenged claim.

Estech timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

---

[1] U.S. Patent Application Publication No. 2002/0071424 ("Chiu") (filed Dec. 12, 2000; published June 13, 2002).

[2] U.S. Patent No. 5,313,454 ("Bustini") (filed April 1, 1992; issued May 17, 1994).

DISCUSSION

Estech raises several issues on appeal.

First, Estech contends that the Board erred by incorrectly construing the claim term "telephone," which appears in claims 29–41, and, under the correct construction, the required features of the "telephone" are not disclosed in Chiu. Under Estech's proposed construction, the claimed "telephone" must have a dialing interface, a speaker, and a microphone. However, the '684 patent itself defines an "IP telephone" or "telephony device" as "any apparatus, device, system, etc., that can communicate multimedia traffic using IP telephony technology." '684 patent, col. 4 ll. 24–27. As the specification "is the single best guide to the meaning of a disputed term," *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005), the claimed "telephone" may not be construed to require elements not found in the specification's own definition. In any event, we see no error in the Board's finding that Chiu disclosed a telephone with a dialing interface, speaker, and microphone.

Second, the parties agree that the "telephone" is a separate device from the "workstation." Estech contends that Chiu's telephone is not separate from its computer, which the Board mapped to the claimed "workstation." The Board found that one embodiment of Chiu's "IP telephone peripheral"[3] is "a hardware based telephony apparatus" that "is a standalone IP telephone client device," which is separate from the computer. J.A. 12–13 (quoting J.A. 945 ¶ 25). We see no error in the Board's conclusion that Chiu therefore discloses the claimed "telephone," which is separate from the claimed "workstation."

---

[3] The Board found that Chiu used "IP telephone peripheral" and "IP telephony peripheral" interchangeably. J.A. 14.

Third, Estech argues that the proposed combination does not disclose the limitation of claims 29 through 35 that requires "sufficiently throttling the data sent from the workstation to the telephone to increase a rate of transfer of the audio information." This is so, Estech argues, because the claimed throttling must be based on monitoring the amount of audio information being received by and destined for the telephone. But the claims do not require that the claimed throttling is "based on" this audio information. '684 patent, claim 29. So long as a method both "sufficiently throttl[es] data sent from the workstation to the telephone to increase a rate of transfer of the audio information during the communicating step" and "monitor[s] an amount of audio information being received by the telephone from the multimedia server," the "sufficiently throttling" limitation is satisfied. '684 patent, claim 29. By contrast, other claims of the '684 patent expressly include limitations that require throttling based on monitoring specific types of data. *E.g.*, '684 claim 14 (claiming a system "wherein the first IP telephony device includes first circuitry for throttling the data sent from the first network device <u>in response to the first monitoring circuitry determining that the amount of multimedia data being received by the first IP telephony device . . . falls below the first predetermined threshold</u>" (emphasis added)). As Estech properly conceded at oral argument, Bustini discloses monitoring audio information in a queue. Oral Arg. 9:16–9:43. Further, the Board agreed with the examiner's finding that "Bustini monitors an amount of audio data being received in order to assign it higher priority . . . . As a result, the audio data rate is increased over what the audio data rate would have been in the presence of congested, bursty traffic." J.A. 20–21. We see no error in the Board's conclusion that the proposed combination discloses the "sufficiently throttling" limitation.

Fourth, Estech argues that the Board incorrectly found that, again with respect to the "sufficiently throttling"

limitation, ordinarily skilled artisans would not have a motivation to combine Chiu and Bustini or a reasonable expectation of success of combining the two prior art references and that such a combination would violate Chiu's principle of operation. All of Estech's motivation to combine arguments, in essence, attack a hypothetical bodily incorporation of Bustini into Chiu. For example, Estech argues "there is no evidence that any of [Chiu's] components could implement the transmitters/receivers ('TXRs'), frame replay pads ('FRPs'), and the other sophisticated hardware needed to implement Bustini's ICA feedback control system," Appellant's Br. 36, and that adopting elements of Bustini into Chiu's telephone changes its principle of operation. But the test for obviousness "is what the combined teachings of the references would have suggested to those of ordinary skill in the art," not "whether the features of a secondary reference may be bodily incorporated into the structure of the primary reference." *In re Keller*, 642 F.2d 413, 425 (CCPA 1981); *see also Axonics, Inc. v. Medtronic, Inc.*, 73 F.4th 950, 957 (Fed. Cir. 2023). At bottom, the Board found that "[b]oth Chiu and Bustini recognize the importance of avoiding delays for voice transmissions." J.A. 18. Chiu discloses that its system could employ traffic-control mechanisms "well known in the networking arts," J.A. 948 ¶ 43, and Bustini discloses such a "well known congestion control mechanism prioritizing voice [that] would have been readily apparent to a skilled artisan at the time of the invention." J.A. 27. We see no error in the Board's underlying factual findings related to motivation to combine or reasonable expectation of success.

Fifth, claim 36 recites a throttling step that "further comprises the step of reducing a future amount of data from being transferred from the workstation if the amount of data exceeds a <u>predetermined threshold</u>." '684 patent, claim 36 (emphasis added). On appeal, Estech argues that the comparison that determines whether the claimed "predetermined threshold" is met "must take place at the

workstation before the 'amount of data' is transferred from the workstation" and that Bustini does not meet these additional requirements. Appellant's Br. 49–50. Estech did not raise this proposed construction before the Board, and thus it is forfeited. In any event, Estech's argument fails to demonstrate any error in the Board's decision.

Sixth, claim 37 recites a monitoring step that "further comprises the step of the telephone sending a <u>congestion message</u> to the multimedia server when the amount of the audio information falls below the <u>predetermined level</u>." '684 patent, claim 37 (emphases added). Claim 38 is a dependent claim of claim 37 and "further compris[es] the step of the multimedia server sending a <u>throttling signal</u> to the telephone in response to receipt of the <u>congestion message</u>." '684 patent, claim 38 (emphases added). Estech raises additional arguments that the Board's factual findings as to claims 37 and 38 are not supported by substantial evidence. Estech argues that Bustini does not disclose a "congestion message" that is sent when audio information falls below a "predetermined level," and Bustini does not teach an entity that is both the origin of the claimed "congestion message" and destination of the claimed "throttling signal." '684 patent, claims 37–38. Estech forfeited each of these arguments because it failed to raise them before the Board and, in any event, they are meritless.[4]

---

[4] Estech also argues that the Board should have vacated the request for *ex parte* reexamination for lack of a substantial new question of patentability. Given that the combination of Chiu and Bustini was not relied on in the initial examination and that we affirm each of the Board's conclusions underlying its determination that the proposed combination of Chiu and Bustini renders claims 29–41 unpatentable as obvious, the request for *ex parte* reexamination clearly raised a substantial new question of patentability.

Finally, Estech argues that the Board lacked jurisdiction over the *ex parte* reexaminations once the '684 patent expired on June 28, 2023. We recently "confirm[ed] that the Board has jurisdiction over *ex parte* reexaminations concerning expired patents." *In re Gesture Tech. Partners, LLC*, No. 25-1075, ___ F.4th ___, 2025 WL 3439349, at *4 (Fed. Cir. Dec. 1, 2025); *see also Apple Inc. v. Gesture Tech. Partners, LLC*, 127 F.4th 364, 368–69 (Fed. Cir. 2025) ("We confirm here that the Board has jurisdiction over IPRs concerning expired patents."), *cert. denied*, No. 24-1280, ___ U.S. ___, 2025 WL 3198577 (Nov. 17, 2025). The Board properly exercised its jurisdiction over this *ex parte* reexamination.

## CONCLUSION

We have considered Estech's remaining arguments and find them unpersuasive. We *affirm*.

## AFFIRMED

## COSTS

Costs to appellee.